STATE, EX REL. JOHNSON, PLAINTIFF-APPELLANT, *v.* BOARD OF EDUCATION OF COLUMBIANA COUNTY ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Columbiana County.

No. 822.   Decided October 6, 1962.

*Mr. John E. Bauknecht* and *Mr. William T. Allmon,* for plaintiff-Appellee.

*Mr. G. William Brokaw,* prosecuting attorney, and *Mr. Donald Elliott,* for defendants-appellees.

*Per Curiam.*   The trial court issued a mandamus order that the defendants cause the Board of Elections to check the sufficiency of the signatures on a petition proposing the transfer of Franklin Township School District to an adjoining school district, to present the petition to the next meeting of the defendant, Board of Education, and to certify the proposal contained in said petition to the Columbiana County Board of Elections for action as directed by Section 3311.231, Revised Code.   The trial court also declared that all of the residents of the Southern Local School and Franklin Local

School Districts would be entitled to vote upon the proposal at the election which will result in the normal course of events hereafter.

The question has been difficult since on the date of filing of the petition proposing the transfer the effective date of the merger of Franklin School District and Southern Local School District had not yet occurred, and said merger did not in fact occur until two days thereafter.

The trial court's order granting the writ of mandamus finding that the petition under Section 3311.231, Revised Code, was properly filed has not been complained of.

The only error assigned is the trial court's declaration that all of the electors in the merged school district, that is to say the electors of the Southern Local School District and Franklin Local School District, which merged effectively two days after the filing of the petition, were entitled to vote in such ensuing election.

Section 3311.231, Revised Code, states:—

"* * * The persons qualified to vote upon a proposal are the electors residing in the district or districts containing territory that is proposed to be transferred. * * *."

It would seem that the sufficiency of the petition, which is not here questioned, would be judged on the basis of whether or not these petitions contained sufficient signatures within the Franklin Local School District as constituted upon the date when the petitions were filed, and that the persons qualified to vote should be determined to be the electors residing in the district as merged since that merger was effective September 14, 1961, and the election would be held thereafter.

This was the holding of the trial court, and under all the facts which we have carefully considered and under the single assigned error which we have before us we find that the trial court did not err; that his declaration and determination of the area affected and the persons qualified to vote upon the proposal was correct in all respects, and that the judgment of the court below must therefore be affirmed.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.